20-mj-4348-DHH

## AFFIDAVIT OF SPECIAL AGENT CAITLIN MOYNIHAN IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Caitlin Moynihan, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and am assigned to the office of the Special Agent in Charge, Boston, MA. I have been a Special Agent since October 2009. Prior to being assigned to the SAC Boston Office, I was assigned to the Resident Agent in Charge Office in Burlington, Vermont. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. I have received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2. I submit this affidavit in support of a criminal complaint charging Johnathan TAYLOR, YOB 1990, of Hyde Park, Massachusetts, with one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. On December 8, 2020, at approximately 6:13 a.m., HSI agents, with the assistance of local law enforcement, executed a federal search warrant authorizing them to search a residential address located in Hyde Park, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A.

5. TAYLOR's mother and two adult siblings were present when agents arrived. Agents spoke with all three individuals. TAYLOR's brother explained the layout of the four-bedroom home to agents, and identified a particular bedroom on the third as belonging to TAYLOR. In separate conversations, TAYLOR's mother and sister confirmed that that particular bedroom is occupied solely by TAYLOR.

6. Agents were advised that TAYLOR was still at work, having worked an overnight shift. TAYLOR's mother communicated to TAYLOR that he should obtain a ride home from work.

7. In searching TAYLOR's bedroom, agents located various electronic devices, including a 6 TB Seagate Expansion Desktop Drive external hard drive, bearing model number SRD0NF2 and serial number NA8F1NRQ (the SUBJECT DEVICE); a second Seagate Expansion Desktop Drive external hard drive and an MSI desktop computer were also located in the bedroom in the same area as the SUBJECT DEVICE.

8. Agents conducted a preliminary on-scene review of the devices. During the preliminary review of the SUBJECT DEVICE, they observed its contents to consist primarily of image and video files, many of which depicted pornography, including adults and individuals whose age was difficult to determine on cursory review. During the initial preview, agents observed approximately 14 video files depicting child pornography. The video files were

located in folders bearing names that agents recognized as being URLs for known child pornography web sites on the dark web.

9. Included among the child pornography files were the following videos:[1]

   a. Video 1: This video file is approximately 20 seconds in length, and depicts a prepubescent male who appears to be approximately six to eight years old. The child is sitting with his knees pulled up to his chest, wearing a white tee shirt, and he is nude from the waist down. The child then lays back, exposing his penis with his legs spread. The prepubescent male is also seen placing his legs back and exposing his anus with his hands. The created date of the video is 12/5/2020 11:02:00 am; the modified date is 12/4/2020 2:23:06 pm; and the accessed date is 12/5/2020 11:02:01 am.[2]

   b. Video 2: This video file is approximately 17 seconds in length and depicts a nude

---

[1] To avoid unnecessary in-person interaction given the health concerns posed by the current pandemic, I am not providing a copy of this image to the Court. I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 18-19 (1st Cir. 2001). Here, however, the description offered "convey[s] to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing Brunette). The children in these paragraphs appears to be no older than 10 years old – clearly younger than 18. The description of the files here is sufficiently specific as to the age and appearance of the alleged children that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added).

[2] Based on my consultation with forensic agents on scene, I believe that it is likely that the created dates correspond with the dates that the files were written to the external drive on which they were found (and that is it possible that the modified dates correspond with the dates the files were downloaded, which is why the modified dates may be earlier than the created dates).

   prepubescent male who appears to be approximately eight to 10 years old.  The child is laying on his back, showing his face and chest.  The camera pans down and shows the prepubescent minor's erect penis.  The created date of the video is 12/5/2020 11:02:00 am; the modified date is 12/4/2020 6:28:44 pm; and the accessed date is 12/5/2020 11:02:03 am.

10. During the initial review of the SUBJECT DEVICE, agents also noted that an executable file (i.e., a program) for an internet browser used to access and navigate portions of the dark web was installed on the drive.

11. TAYLOR arrived at the residence at approximately 8:20 a.m.  Agents met him out front, introduced themselves, and accompanied him into the home.  He was verbally advised of his *Miranda* rights, waived them, and agreed to speak with agents on scene.  The interview (including *Miranda* advisements) was recorded; unless otherwise indicated, all statements set forth below are summary in nature.

12. TAYLOR confirmed that the bedroom where agents found the SUBJECT DEVICE was, in fact, his.  TAYLOR admitted to agents that he had been accessing child pornography for approximately the past 15 years, and indicated that he only accessed and downloaded child pornography but did not produce child pornography.  He admitted specifically to using the dark web to access and obtain child pornography, and indicated that he ran it off an external drive.  TAYLOR said that sometimes he saves the child pornography that he accesses on the dark web, but sometimes he does not, and that when he does, he saves it to an external drive.  TAYLOR indicated that the child pornography was saved in approximately six different folders, but could not recall the names.  TAYLOR estimated that agents would locate approximately 150 or 200 videos and images depicting child pornography on the

external drive.

13. TAYLOR provided the usernames he had used on particular dark web sites over the years. He indicated that he accessed the dark web every couple of days and was on as recently as Saturday.[3]

14. The devices seized are currently being transported to the HSI forensic lab. Analysis remains ongoing.

## CONCLUSION

15. Based on all of the foregoing information, I submit that there is probable cause to believe that on various dates no later than December 5, 2020, TAYLOR knowingly received, and attempted to receive, any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A).

Sworn to under the pains and penalties of perjury,

_Caitlin Moynihan_
Special Agent Caitlin Moynihan
Homeland Security Investigations

~~SUBSCRIBED and~~ SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 8th day of December, 2020.   12:44 p.m.

_David H. Hennessy_
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

---

[3] Saturday's date was December 5, 2020.